State v. Bell

STATE OF NORTH CAROLINA v. AUGUSTA BELL ALIAS GUS BELL

No. 7012SC393

(Filed 15 July 1970)

1. **Robbery § 4— sufficiency of evidence**
   The State's evidence was sufficient to be submitted to the jury in this prosecution for common law robbery.

2. **Criminal Law § 132— motion to set aside verdict — appellate review**
   A motion to set aside the verdict as being against the weight of the evidence is addressed to the discretion of the trial court, and refusal to grant the motion is not reviewable on appeal.

APPEAL by defendant from *Bickett, J.,* 10 November 1969 Regular Conflict Criminal Session, CUMBERLAND Superior Court.

By indictment proper in form defendant was charged with common law robbery on or about 3 April 1969. He pleaded not guilty, the jury found him guilty as charged, and from judgment imposing active prison sentence of not less than eight nor more than ten years he appealed.

*Attorney General Robert Morgan and Staff Attorney Edward L. Eatman, Jr., for the State.*

*Elizabeth C. Fox for defendant appellant.*

BRITT, J.

The only assignments of error brought forward in defendant's brief are that the trial court erred (1) in denying defendant's motions for nonsuit and (2) in denying defendant's motion to set the verdict aside as being against the weight of the evidence.

[1]   We have carefully reviewed the testimony presented at

the trial and hold that it was sufficient to survive the motions for nonsuit and the assignment of error relating thereto is overruled.

[2] As to the second assignment of error, it is well settled in this jurisdiction that a motion to set aside the verdict as being against the weight of the evidence is addressed to the discretion of the trial court, and its refusal to grant the motion is not reviewable on appeal. 3 Strong, N. C. Index 2d, Criminal Law, § 132, pp. 55-56. The assignment of error is overruled.

We have carefully reviewed the entire record and find that it is free from prejudicial error. The defendant received a fair trial and the sentence imposed is within the limits allowed by statute.

No error.

BROCK and HEDRICK, JJ., concur.